IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ENERGY AUTOMATION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3-06-1079 |
| XCENTRIC VENTURES, LLC, d/b/a BADBUSINESS BUREAU and/or BADBUSINESSBUREAU.COM and/or RIP-OFF REPORT and/or RIPOFFREPORT.COM, and EDWARD MAGEDSON a/k/a ED MAGEDSON, | ) ) ) ) ) ) ) ) | Judge Aleta Trauger Magistrate Judge Juliet Griffin<br><br>JURY DEMAND |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO LIFT STAY ON DISCOVERY FOR LIMITED PURPOSE OF DISCOVERING JURISDICTIONAL FACTS

Pursuant to Rules 33(a) and 34(b) of the Federal Rules of Civil Procedure, Plaintiff Energy Automation Systems, Inc. ("EASI") hereby moves the Court to lift the stay on discovery for the limited purpose of allowing EASI to discover jurisdictional facts related to defendant Xcentric Ventures, LLC's ("Xcentric") Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. No. 17.)

On November 6, 2006, the Court stayed discovery until the case management conference, now continued pending a decision on Xcentric's motion. (Doc. No. 4.)

Xcentric's motion is supported by a declaration and numerous affidavits alleging facts about which EASI has not had the opportunity to take discovery.

On April 3, 2007, EASI's counsel asked Xcentric's counsel whether Xcentric would agree to EASI conducting limited discovery on the jurisdictional issue. (See Exhibit A).

On April 10, 2007, Xcentric's counsel refused, asserting that "discovery is not warranted and that any attempt to seek limited discovery will be opposed." (See Exhibit B.)

As discussed in more detail in EASI's response to Xcentric's motion, when presented with a Rule 12(b)(2) motion, a district court has essentially two options: (1) decide the motion upon the current record, or (2) decide the motion following discovery. See Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).

If the Court chooses the first method, EASI bears the "relatively slight" burden of making "only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal." Am. Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988); Theunissen, 935 F.2d at 1458-59. "In such an instance, not only will the [plaintiff's] pleadings and affidavits be considered in the light most favorable to the plaintiff, but ***the court will not consider or weigh the controverting assertions of the defendant***." Kelly v. Int'l Capital Res., Inc., 231 F.R.D. 502, 509 (M.D. Tenn. Nov. 9, 2005) (Trauger, J.) (emphasis added). Indeed, the rationale for this rule is particularly apt in this case: "to prevent non-resident defendants 'from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts . . . .'" Id. at 509 n.7 (quoting Theunissen, 935 F.2d at 1459).

By refusing to agree to discovery on jurisdictional facts, Xcentric has essentially elected the first method. Accordingly, Xcentric's various submissions supporting its motion must be disregarded.

As discussed in EASI's response to Xcentric's motion, EASI has more than satisfied the *prima facie* requirement and has submitted a wealth of evidence demonstrating Xcentric's significant contacts with Tennessee and the accompanying personal jurisdiction of this Court, including numerous emails from Xcentric, a declaration, citations to Xcentric's website, and citations to case law rejecting the very arguments Xcentric now propagates.

If, however, the Court determines that discovery is necessary to resolve the issue and proceeds under the second method, lifting the stay would allow EASI the opportunity to discover the full extent of Xcentric's contacts with Tennessee.

Therefore, the Court should lift the stay for the limited purpose of allowing EASI to discover jurisdictional facts.

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (TN BPR No. 012844)
John R. Jacobson (TN BPR No. 014365)
William L. Campbell, Jr. (TN BPR No. 022712)
W. Russell Taber (TN BPR No. 024741)
BOWEN RILEY WARNOCK &
JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700 / (615) 320-3737 Fax
twarnock@bowenriley.com
jjacobson@bowenriley.com
ccampbell@bowenriley.com
rtaber@bowenriley.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made via electronic mail using the Electronic Filing System upon the following:

James A. Freeman, III
Talmage M. Watts
James A. Freeman & Associates, P.C.
P O Box 40222
2804 Columbine Place
Nashville, TN 37204

this 11th day of April, 2007.

s/ Timothy L. Warnock